JORDAN v. KAVANAUGH ET AL.

1. **Venue**: REMOVAL OF CAUSE TO COUNTY OF RESIDENCE: PLEADING: PRACTICE. It is not necessary in a petition to allege facts showing the plaintiff entitled to maintain his action in the county in which it is brought; and if the defendant appears and moves to have the cause removed to another county—alleged to be the county of his residence, the plaintiff may show such facts by affidavits filed in opposition to the motion.

2. ————: MOTION FOR CHANGE TO PLACE OF RESIDENCE: MERITS OF CAUSE NOT DETERMINED BY. Where the action was against the principal and sureties upon a bond given for the faithful performance of a contract, and, under the statute, the action might be maintained against the principal in any county where the contract was to be performed, the sureties could not demand that the cause be removed to the county of their residence, upon the ground that, by the terms of the bond, they were not liable for the damages complained of. The merits of the case as to them could not so be determined on a preliminary motion.

3. **Practice Upon Demurrer**: EXCEPTION TO RULING ON: WHAT SUFFICIENT. An exception taken to a ruling upon a demurrer is sufficient to save the point involved, without also excepting to the final judgment rendered in the case.

4. ————: WAIVER OF EXCEPTIONS BY PLEADING OVER: FACTS NOT CONSTITUTING. Where a defendant, after his demurrer has been overruled, answers the allegations of the petition, he waives whatever exceptions he may have taken to the ruling upon the demurrer; but if, before trial, he withdraws his answer, and relieves plaintiff of the burden of proving his petition, he will be restored to his former standing, and may then have the benefit of his exceptions.

5. **Bond**: TO SECURE PERFORMANCE OF CONTRACT: CONSTRUED IN LIGHT OF CONTRACT. Where a bond is given to secure the performance of a contract, and is conditioned that the principal obligor "shall well and truly comply with said contract, in the time and manner herein provided," and the contract is attached to the bond and made part of it, *held* that the two papers must be read together in order to determine the liability of the obligors in the bond.

6. ————: THIRD PERSONS INTENDED TO BE SECURED MAY SUE UPON. Where a bond was given to secure the performance of a contract to build a railway, and the contract bound the principal obligor "to pay all just claims against him, or against sub-contractors under him, for services or labor performed or materials furnished in the work under the contract, and to pay all bills for board of men and teams engaged upon

said work," *held* that the assignee of persons holding claims which the contractor so agreed to pay, but failed to pay, could maintain an action against the obligors in the bond, under § 2552 of the Code.

## *Appeal from Boone Circuit Court.*

### TUESDAY, APRIL 8.

THE defendant, Marcus Kavanaugh, Jr., entered into a contract in writing with the Narrow Gauge Railway Construction Company, for the construction of a section of railroad between the Des Moines River and Boone, Boone County, Iowa. He agreed to construct and finish the work in a substantial and workmanlike manner, and to finish the same by October 1, 1881. He also agreed to pay all just claims against him, or against any sub-contractor under him, for services or labor performed or material furnished in the work under the contract, and to pay all bills for board of men and teams engaged upon said work. He also gave to said construction company a bond in the sum of ten thousand dollars, with the other defendants as sureties, conditioned that he would "well and truly comply with said contract in the time and manner herein provided."

Plaintiff brought this action on the bond and contract, to recover for certain items of labor performed by various parties on said work under a sub-contractor, and for board for men who were engaged on the work, alleging that said accounts had been assigned to him.

The defendants filed a motion to transfer the cause to Polk county, alleging that they were all residents of that county. This motion being overruled, they filed a demurrer to the petition, which was also overruled.

They then filed an answer, contradicting the allegations of the petition, but, before the case was reached for trial, they withdrew this answer from the files, and judgment was entered for plaintiff. Defendants appeal.

*Baylies & Baylies*, for appellants.

*Crooks & Jordan*, for appellee.

REED, J.—I.    Section 2583 of the Code provides that
an action may be brought on a contract relating to the
construction of a railway, or for labor performed
thereunder, in any county where the contract was
made or performed in whole or in part, or where
the work was performed.    When the motion to
transfer the case to Polk county was submitted and disposed
of, the pleadings contained no allegation that the contract
had been performed, or the work done, in Boone county, but
plaintiff was allowed to establish these facts by affidavit, on
the hearing of the motion.    These facts were not material to
plaintiff's right to recover; they related only to his right to
prosecute his suit in that county.    He is required to set out
in his petition only the facts which constitute his cause of
action.    Code, § 2646.    If he had alleged them in his peti-
tion, defendants would certainly not have been concluded by
the allegation, but on the hearing of their motion they would
have been entitled to show by evidence that the suit was
brought in the wrong county.    It was not error, then, for
the court to determine the question on the evidence on which
the motion was submitted.

It is contended by appellants, however, that, while
it may be true that the suit as against Kavanaugh was
properly brought in Boone county, as to the
sureties on the bond the motion to transfer
should have been sustained.    The ground of this
claim, as we understand it, is that, by the terms
of the bond, the sureties are not liable for claims
of the character of that sued on; that, while Kavanaugh
may be liable for the claim under the original contract with
the construction company, by the terms of this bond the
sureties are liable only for damages resulting from his failure

<div style="margin">1. VENUE:
removal of
cause to
county of
residence:
pleading:
practice.</div>

<div style="margin">2. ——: mo-
tion for
change to
place of resi-
dence : merits
of cause not
determined
by.</div>

to complete the work within the time or in the manner provided in the contract.

But this question relates to the right of plaintiff to recover at all as against the sureties, and it could not be determined on this motion. The only question raised by the motion was, whether defendants were entitled to have the question, whether they were liable on the claim which plaintiff was asserting against them, tried in another county.

II. Appellee contends that the ruling on the demurrer to the petition cannot be reviewed, because, first, no exception was taken to the judgment, and, second, defendants waived the demurrer by answering over. Neither of these positions is correct. Defendants excepted to the overruling of the demurrer, and this exception was made matter of record. This preserved the questions raised by the demurrer, and it was not necessary to except again when the final judgment was entered. When a party has once properly made his exception to an adverse ruling, he does not waive it by failing to except to some other decision which involves the same question.

*3. PRACTICE upon demurrer: exception to ruling on: what sufficient.*

The rule is that a party waives the demurrer by pleading over and going to trial. The reason of the rule is that by pleading over he puts upon his adversary the burthen of proving the allegations of his pleading, and it would be unjust to permit him, after he has had the advantage of a trial of the issues, to go back and take the benefit of his demurrer. *Wilcox v. McCune*, 21 Iowa, 294. But in this case the answer was withdrawn before the case came on for trial. This restored the parties to the position they were in before the answer was filed. Defendants had no advantage from it, and it imposed no burthen on the plaintiff.

*4. ——: waiver of exception by pleading over: facts not constituting.*

III. The grounds of the demurrer to the petition are, that there is no privity of contract between plaintiff and defendants, and that the bond was not intended to secure any party except the obligor named therein; and that plaintiff cannot maintain an action thereon.

*4. BOND to secure performance of contract: construed in light of contract.*

Copies of the contract and bond are attached as exhibits to the petition. The contract provides that the work shall be done within a specified time, and that it shall be done in a substantial and workman-like manner, to the satisfaction and acceptance of the chief engineer of the construction company.

It also provides that, if any damage is done by the contractor or men in his employ, to lands or property in the vicinity, the engineer shall have the right to estimate the amount of such damages and pay the same to the owner of the property injured, and deduct the same in his first estimate thereafter. It also contains the following stipulation: "The said first party (Kavanaugh) agrees to pay all just claims against them (him) or against any sub-contractor under them (him) for service or labor performed or material furnished in the work under this contract, and to pay or cause to be paid all just claims growing out of said work, whether against them (him) or their (his) sub-contractors, for trespass, injury to lands, destruction of fences, and for land for waste material, and all claims for provisions and supplies, and bills for board of men and teams engaged upon such work, and all similar claims; said damage to be estimated as specified in the preceding clause." It also provides that the contractor shall give a bond in the sum of ten thousand dollars, with sufficient sureties, for the faithful performance of the contract, and for the security of the construction company against all persons performing labor upon or furnishing materials for the work under or by virtue of the contract.

The condition of the bond is as follows: "That whereas, Marcus Kavanaugh, Jr., as principal, has this day entered into a contract with said Narrow Gauge Railway Construction Company, a copy of which is hereto attached and made a part hereof: Now if the said Marcus Kavanaugh, Jr., shall well and truly comply with said contract in the time and manner herein provided, then this obligation shall be void, otherwise in full force and effect."

The position of counsel for appellant is, that the sureties on the bond are not liable on the contract further than the express terms of the bond imply, and that, by these express terms of the bond, they have undertaken only that Kavanaugh will do the work within the time and in the manner provided in the contract.

But this position, we think, is not correct. It is provided in the contract that a bond should be given by Kavanaugh, in an amount stated, and with certain conditions. The bond recites that Kavanaugh has entered into a contract as principal. A copy of the contract is attached to the bond, and declared to be a part of it, and the undertaking of the bond is that Kavanaugh shall well and truly comply with said contract in the time and manner *herein* provided. The plainest rules of construction require that the two instruments shall be read together in determining the undertaking of the obligors in the bond. 2 Parsons on Contracts, 503.

We think it clear that the bond was intended as a security that Kavanaugh would not only perform the work in the time and manner provided in the contract, but that he would perform every other covenant contained in it; and this is its effect.

The next position is that the bond was intended only as a security to the obligee named therein, and that plaintiff cannot maintain an action thereon. The argument is that, as the parties who might perform labor or furnish material for the construction of said work would have a lien on the property under the mechanic's lien law for the security of their claims, and as the owners of the property might be compelled to pay such claims for the protection of the property, notwithstanding they had paid the contractors for doing the work, the manifest purpose of the parties was to afford the construction company a remedy against this liability.

6. ———: third person intended to be secured may sue thereon.

It is probably true that the primary object of the construction company in requiring the bond to be given was to secure

the protection of its own interest. But the undertaking of Kavanaugh, as expressed in the contract, is not simply that he will repay to it such sums as it may be compelled to pay in the protection of its interests, or that he will pay the claims of such parties as may establish their liens on the property, but "that he will pay all just claims against him, or against sub-contractors under him, for service or labor performed,"etc.; and the bond, as we have seen, is a security for the performance of this undertaking; so that, whatever the primary or principal object of the parties may have been, they have undertaken that plaintiff's claim shall be paid, regardless of whether or not the steps have been taken which would have compelled the construction company to pay it. Section 2552 of the Code provides that, "when a bond or other instrument given to the state, or county, *     *     *     *     * or to any officer or firm, is intended for the security of the public generally, or of particular individuals, suit may be brought thereon in the name of any person intended to be thus secured, who has sustained an injury in consequence of the breach thereof."

Under the provisions of this section, plaintiff has the right, without doubt, to bring suit on the bond in his own name. We think the demurrer was properly overruled, and the judgment is accordingly

AFFIRMED.