## WELLS v. KAVANAGH *et al.*

1. **Evidence :** ORDER OF INTRODUCTION : DISCRETION. The order in which evidence shall be introduced is a matter largely within the discretion of the trial court, and an irregularity in that respect will very seldom afford grounds for disturbing a judgment.

2. ————: CONTRACT BETWEEN DEFENDANT AND STRANGER. Where the action was for labor done and materials furnished to a subcontractor, and was brought on a contract and bond wherein the principal and sureties ·bound themselves to pay all just claims against the principal or his subcontractors for labor and materials furnished upon the work, *held* that a subsequent contract made between the principal and the subcontractor, whereby the latter undertook to perform all the labor and furnish all the materials, was properly excluded when offered in evidence by the defendants.

3. **Instructions :** REFERRING TO ISSUES TAKEN FROM JURY. Where some of the issues have been disposed of by the court in the course of the trial, all reference to them is properly omitted in the instructions to the jury.

*Appeal from Boone District Court.*—HON. D. D. MIRACLE, Judge.

### FILED, MAY 9, 1888.

THIS is an ordinary action on account for work and labor performed, and goods and merchandise sold and delivered. It is alleged in the petition that defendant Kavanagh entered into a contract in writing with the Narrow Gauge Railway Construction Company for the construction of a certain railway, and that, by the terms of said contract, he agreed to pay all just claims against him, or against any subcontractor under him, for services or labor performed or materials furnished in the work done under the contract ; also that he executed a bond in the sum of ten thousand dollars, with the other defendants as sureties, conditioned for the performance by him of his undertakings in the contract. Plaintiff's claim is for various items of labor and materials performed and furnished to a subcontractor, as is alleged.

upon the work. The answer is a general denial. A number of affirmative defenses were also pleaded; but, as no question arises here upon them, they need not be set out. There was a verdict, and judgment for plaintiff. Defendants appeal.

*Parsons & Perry*, for appellants.

*Crooks & Jordan*, for appellee.

REED, J.—I. Plaintiff offered in evidence the contract between Kavanagh and the construction company;

1. EVIDENCE: order of introduction: discretion. also the bond under which he sought to charge the other defendants. They were objected to by defendants on the ground that "it did not appear that they were the contract and bond under which certain portions of the work were performed." The objection relates merely to the order in which the evidence should have been introduced. If, under the issue, plaintiff was required to introduce these instruments in evidence,—a question not raised,— the natural order was to introduce them before any other proof was made. They were evidence of the contract under which plaintiff claimed to recover; and, if it was essential that they should be introduced, that was the proper time for their introduction. In addition to this, questions relating merely to the order of the trial are within the discretion of the trial court, and an irregularity in that respect will very seldom afford grounds for disturbing the judgment. It is clear, in the present case, that there was no abuse of discretion.

It is insisted, however, that no evidence was introduced at any time which tended to prove that the labor and material for which plaintiff sought to recover was performed and furnished under the contract. But this objection is not well founded. There was evidence tending to prove that the labor was performed for, and the materials furnished to, a subcontractor under Kavanagh on the section of road covered by his contract with the construction company. The question as to the sufficiency of the evidence to establish those facts was for the

jury; and, if they were established, the conclusion might fairly be drawn from them that they were done and furnished under the contract.

II. Defendants offered in evidence the contract between Kavanagh and the subcontractor for whom the labor and materials were done and furnished for which plaintiff seeks to recover, but on plaintiff's objection it was excluded. By that contract the subcontractor undertook to perform all the labor and furnish all the materials required on the portion of the work which he undertook. We held in *Jordan v. Kavanagh*, 63 Iowa, 152, which was an action on the same contract and bond, that the undertaking of Kavanagh and the sureties on the bond was that he would pay all just claims against him or his subcontractors for labor and materials done and furnished upon the work, and that suit might be brought on the bond by any person injured by the breach thereof. His liability arising under his contract with the construction company and that of the sureties on the bond was in no manner affected by his subsequent agreement with the subcontractor. Nor was plaintiff's right to maintain an action on the bond defeated by it. The contract was, therefore, immaterial, and was properly excluded.

2 ——: contract between defendant and stranger.

III. The court, in stating the issues, omitted to make any reference to the affirmative defenses pleaded by defendants. But no questions arising under those allegations were submitted to the jury for determination; the court having disposed of all questions of that character by rulings made during the progress of the trial. As the questions were not to be passed upon by the jury, the court did right to omit all reference to them in the instructions. We find no error in the record, and the judgment will be

3. INSTRUCTIONS: referring to issues taken from jury.

AFFIRMED.