Filed June 19, 1896.

No. 1,917.

## WILLIAMS v. MARKLAND ET AL.

PLEADING.—*Complaint.*—*Plans and Specifications as Exhibit.*—The plans and specifications for the construction of a building do not form a part of the contract in such a sense as to require them to be filed as exhibits, in an action for materials furnished for use under the contract, where such plans and specifications are not involved in any manner.

CONTRACT.—*Principal and Surety.*—The contract of sureties on a bond, conditioned for the faithful performance by the principal of a contract to construct a schoolhouse and for payment of all material and labor, must be construed with the contract of the principal.

BONDS.—*Building Schoolhouse.*—*Laborers and Materialmen.*—A provision in a bond given to a township trustee for the payment, by the principal, for all material and labor employed in the construction of a schoolhouse, inures to the benefit of the laborers and materialmen.

TOWNSHIP TRUSTEE.—*Bond Valid, Though Not Authorized by Statute.*—When a trustee is acting within the scope of his authority, in building a schoolhouse and contracting therefor, a bond taken to procure the prompt and faithful construction of the building, and the proper payment of what enters into it, is valid, though such bond is not specially authorized by statute.

From the Shelby Circuit Court.

*M. L. Herbert,  A.  F.  Wray,* and *T.  H.  Campbell,* for appellant.

*Adams & Carter,* for appellees.

GAVIN, J.—Appellant sued to recover for material and labor furnished to, and used by, Markland in the construction of a schoolhouse. The court sustained a demurrer to the complaint.

The complaint avers that Markland entered into a contract with one Cherry, township trustee of Hendricks township, in Shelby county, Indiana, to build a schoolhouse, and that to secure the performance of the contract and the payment of all bills and claims for material furnished or labor performed by third persons in its construction, Markland's co-appellees pledged and bound themselves as sureties for said Markland in said contract to Cherry, in the sum of $4,500.00, for the fulfillment of said contract and the payment of all such material and labor debts, of which contract appellant had knowledge when he performed the services and furnished the material sued for. A copy of the contract and undertaking, styled "Exhibit A," was filed with the complaint as an exhibit.

According to this exhibit, the contract is signed by Cherry and Markland, and followed by the undertaking of the sureties, signed by them alone.

By the terms of the contract, Markland agrees to furnish all material for, and construct the schoolhouse according to plans and specifications, therein referred to and made a part thereof. This contract is long, and need not be set out. Reference to the sureties is made therein several times. The undertaking is as follows:

"SHELBY COUNTY, INDIANA.

"We, the undersigned, hereby pledge and bind our-

selves as surety for George W. Markland, in the sum of $4,500.00 (four thousand five hundred dollars), that he will fulfill his part of this contract and pay, or cause to be paid, for all materials and labor of whatever kind required for the erecting of said school building."

This was dated and signed by the sureties.

It was not necessary that the plans and specifications should accompany the complaint. They were not part of the contract in such sense as to require them to be filed as exhibits in this action, in which they are not in any manner involved. *Commonwealth Ins. Co.* v. *Monninger*, 18 Ind. 352.

*Continental Life Ins. Co.* v. *Kessler*, 84 Ind. 310, where the reasons for such a holding are stated.

The case of *Busch* v. *Columbia, etc., Assn.*, 75 Ind. 348, has been practically overruled by later decisions. *Anderson, etc., Assn.* v. *Thompson*, 88 Ind. 405; *Borchus* v. *Huntington, etc., Assn.*, 97 Ind. 180; *Newman* v. *Ligonier, etc., Assn.*, 97 Ind. 295; *Wood, etc., Co.* v. *Irons,* 10 Ind. App. 454.

The contract of the sureties and that of the principal are to be construed together. *Dunlap* v. *Eden* 15 Ind. App. 575. Thus read, we think it plain that the undertaking of the sureties is made to the trustee for the benefit of those interested, and that it is upon a sufficient consideration, viz: the letting of the contract, and also that Markland was to pay for the material and the labor.

That one has a right to maintain an action upon a contract made with another for his benefit, is established in our State, and is not controverted by appellee's learned counsel. *Judson* v. *Romaine*, 8 Ind. App. 390; *Waterman* v. *Morgan*, 114 Ind. 237; *Carnahan* v. *Tousey*, 93 Ind. 561.

They do, however, claim that this undertaking or

bond of the sureties is void because "There is no law in this State authorizing a township trustee to take a bond to secure the performance, by a contractor, of his contract to build a schoolhouse and pay for all labor and material used." To this proposition they cite *State, ex rel.*, v. *Younts*, 89 Ind. 313, and *Caffrey* v. *Dudgeon*, 38 Ind. 512, both of which involved bonds executed in judicial proceedings, which were wholly void. The principle therein declared is not applicable to cases such as this, where the trustee is acting within the scope of his authority in building the schoolhouse, and entering into contract therefor, and the bond is a mere incident to that contract, taken to procure the prompt and faithful construction of the building and proper payment for what enters into it.

While there may be no statute specially authorizing the trustee to take such security as was here given, there is, in the law, no inhibition upon his so doing. There is a recognized distinction between bonds made against the authority of the law and those made merely without the authority of the law. "The former, as a general rule, are void. The latter are sometimes valid." *Baker* v. *Board, etc.*, 53 Ind. 497.

That the provisions of this contract were intended to inure to the benefit of the materialmen and laborers, cannot well be doubted when we remember that they are not permitted, under our law, to take a lien upon a schoolhouse. *Jeffries* v. *Myers*, 9 Ind. App. 563; *Fatout* v. *Board, etc.*, 102 Ind. 223.

Unless, therefore, these provisions were inserted for their benefit, they would have no force whatever.

The taking of such an obligation, under the circumstances under which this was given, is within the scope of the ordinary administrative duties of the trustee, although he may not be by law absolutely required so to do. No special statutory authority is re-

Williams *v.* Markland *et al.*

quired to make it valid. While the question is a new one in this State, it has been considered in other jurisdictions, and our holding is in harmony with those adjudications.

In Iowa the decision is based upon the ground that such a contract is, or may be, for the advantage of the public, by assuring better work and better material more promptly provided by reason of the credit given the contractor by this assurance that laborers and materialmen will be thus secured. *Baker & Co.* v. *Bryan,* 64 Ia. 561.

The Supreme Court of Michigan, through Cooley, C. J., in *Knapp* v. *Swancy,* 56 Mich. 345, reached the same conclusion, declaring that although the powers of municipal corporation were to be "strictly construed, and its contracts must be within the scope of the authority conferred upon it by law, and for municipal purposes," yet a provision in a courthouse contract, compelling the payment of material and labor debts, was valid and enforceable, and not *ultra vires,* its purpose being to fulfill that moral obligation which the corporation owed to the people, to see that they were not sufferers by reason of the construction of the edifice.

These cases have been repeatedly followed by the Supreme Court of Nebraska, after full and careful consideration. *Doll* v. *Crume,* 41 Neb. 655; *Kaufmann* v. *Cooper,* 46 Neb. 644; *Fitzgerald* v. *McClay* (Neb.), 66 N. W. Rep. 828.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed June 19, 1896.