## THE TOWN OF SULLIVAN v. CLUGGAGE ET AL.

[No. 2,365.   Filed Nov. 30, 1898.   Rehearing denied Mar. 8, 1899.]

-BONDS.—*Principal and Surety.—Guaranty.—Default.—Notice.—Contracts.—Breach Of.—Damages.*—A person who signs a bond to secure the performance of a contract entered into by the principal with a town to light its streets is a surety, and not a guarantor, and upon the failure of the principal to comply with such contract both principal and surety become liable for the damages occasioned by such failure, and no notice was necessary.   *pp. 672. 673.*

SAME.—*Principal and Surety.—Action on Bond.—Defense.*—An answer by a surety on a bond given to secure the performance of a contract that the principal informed him that he had been released from the contract, and that if he had known that the principal was held to the performance of the contract he would have performed same, is no defense to an action on the bond for damages on account of failure to perform the contract.   *pp. 673, 674.*

SAME.—*Principal and Surety.—Action on Bond.—Defense.*—In an action on a bond given to secure the performance of a contract to light the streets of a town with electricity at $50 per light per annum, an answer by a surety thereon alleging that after the abandonment of the contract by the principal a bid was submitted to light the streets at $57 per light, but the bidder was informed that bids for over $50 per light would not be considered, and the bid was temporarily withdrawn for the purpose of making some changes therein, and within three days the town accepted a bid for $63 a light, presents no defense.   *p. 674.*

SAME. — *Contracts. — Abandonment. — Action on Bond.*—Upon the abandonment of a contract to light the streets of a town suit may be brought on the bond to secure the performance thereof without entering into another contract.   *pp. 674, 675.*

From the Sullivan Circuit Court.   *Reversed.*

*John T. Hays* and *W. S. Maple,* for appellant.

*O. B. Harris, W. T. Douthitt, J. C. Briggs, J. W. Lindley, G. W. Buff* and *W. R. Nesbit,* for appellees.

WILEY, J.—In November, 1893, appellee Cluggage entered into a written contract with appellant to light appellant town with electric lights for a term of years.   The contract provided that he should furnish a fixed number of arc lights, of 2,000 candle power

each, and for each light appellant was to pay him $50 per annum, payable monthly. For the faithful carrying out of the contract on the part of Cluggage, he executed a bond in the sum of $5,000, with appellees Crowder and Basler as sureties. Under said contract, Cluggage furnished said lights during the month of April, 1894, and then failed and refused to so furnish said lights; that June 21, 1894, he notified appellant of his inability to comply with his contract, and wholly abandoned the same; that, on receiving said notice, appellant took steps to have said town lighted for the unexpired term of said contract, advertised for bids, declared said contract forfeited, and, after receiving such bids, accepted one at $63 for each arc light per year, that being the lowest and best bid; that, for the purpose of carrying out the terms of the Cluggage contract, the best bid made was $96 for each arc light, which contract ran for five years; that, in order to get said lights at $63 each, appellant had to enter into a contract for a period of seven years. These facts all appear from the complaint, and this action was to recover the difference between the price of each lamp as fixed by the Cluggage contract and the latter contract, which was $13 per lamp, for the unexpired term of five years. The contract and bond are filed as exhibits to the complaint. The bond is as follows: "This Indenture Witnesseth: That James H. Cluggage as principal, and W. H. Crowder and F. E. Basler as sureties, acknowledge ourselves held and firmly bound unto the town of Sullivan, State of Indiana, in the penal sum of $5,000. Witness our hands and seals this the 22nd day of November, 1893. The conditions of these obligations are such that whereas, the above bound James H. Cluggage has this day entered into a contract with the said town of Sullivan for the lighting of the streets and alleys of the said

town with electric lights, which said contract is hereby referred to for the conditions therein named and for greater certainty. Now, if the said James H. Cluggage shall well and truly comply with all and singular the terms and conditions of said contract, and pay all damages accruing to the said town of Sullivan in the event of his failure to carry out the terms of his said contract as herein referred to, then this bond shall be null and void; otherwise to remain in full force and effect. J. H. Cluggage, W. H. Crowder, F. E. Basler."

The appellees each filed separate answers. Appellee Crowder's answer was in six paragraphs, to the fourth and sixth paragraphs of which, a demurrer was sustained. Appellee Cluggage answered in four paragraphs, to the second of which a demurrer was sustained and overruled as to the first. Appellee Basler answered in three paragraphs, to the first and third of which a demurrer was overruled.

The first paragraph of Crowder's answer was a general denial. In the second the execution of the bond is admitted, but he avers that appellant did not notify him that Cluggage had refused and failed to carry out the contract on his part, and that appellant would hold him on said bond; that, by the fact that he did not receive such notice from appellant, he believed that plaintiff and Cluggage had abandoned said contract, and that Cluggage had been released from liability on said bond; that, had he (Crowder) been so notified, he was able and willing to carry out said contract, and would have done so; that at the time of said default, and for a long time thereafter, he was willing and able, had he been notified thereof, to have purchased said plant used by Cluggage, at a greatly reduced price, and could thus have completed said contract, and saved himself harmless. The third para-

graph of Crowder's answer is substantially like the second, except that it is therein averred that Cluggage informed him that appellant was not going to hold him liable on the contract, but had released him, (Cluggage) therefrom; that he relied on said information and took the same as true, by reason of appellant's failure to notify him, etc. The fifth paragraph of Crowder's answer differs from the second and third, in that it omits any averment of his ability to have purchased the Cluggage plant at a reduced price, and avers that he had knowledge of the failure to light the streets, and that, on notice from appellant, he would have carried out the contract so as to have saved himself harmless. This paragraph further alleges that the Sullivan Electric Light & Power Company had put in a bid at $57 per light, when it was informed by a majority of appellant's board of trustees that a bid of over $50 per light would not be considered; that said bid at $57 per light was temporarily withdrawn, for the purpose of making some changes; and that within three days thereafter appellant accepted a bid of Crawford at $63 per light.

The first paragraph of answer of appellee Cluggage admits the execution of the contract and bond, and that there was a breach thereof; that appellant thereupon advertised for bids for lighting the town; that it did not attempt to make a contract similar to appellee's contract, but did enter into a contract with one Crawford, the terms of which were essentially different, when it could have procured a contract for the unexpired term of the Cluggage contract on the same terms, etc. The third paragraph of the separate answer of Cluggage is, in substance, that appellant refused to accept a bid at $57 per light for ten years; that such bid was withdrawn to make some changes therein, and that within three days thereafter appel-

lant accepted the bid of Crawford. The fourth paragraph of Cluggage's answer is a general denial.

Appellee Basler's answer was in three paragraphs. The first paragraph is in all essential particulars like the first paragraph of Cluggage's answer, except that it avers that he was surety for Cluggage. The second paragraph of Basler's answer alleges that he was surety for Cluggage; that, on his failure to carry out his contract, appellant advertised for bids to carry out the same; that bids were received and rejected, and further time given; that bids were again received and rejected, and bidders were notified that the letting of the contract would be postponed thirty days; that one of the bidders withdrew its bid to change it, fully intending to procure the contract, if it became necessary, upon the terms of the Cluggage contract; that ten days thereafter, appellant secretly entered into the Crawford contract, to prevent competition, and did thereby prevent competition; that, with reasonable effort, appellant could have procured the completion of the Cluggage contract upon the same terms, and that said bidder would have done so, but for the conduct of the appellant as stated.

The issues were joined by replies of general denial, and affirmative matter, but, as we will rest our decision upon the overruling of the demurrers to certain of the separate answers, we need not refer to the affirmative facts pleaded in the replies. Upon these issues trial was had by a jury, resulting in a general verdict for all the appellees.

Appellant's motion for a new trial was overruled and judgment rendered on the verdict against appellant for costs, and it has assigned error as follows: (1) The court erred in overruling the demurrer to the second, third, and fifth paragraphs of the separate answer of appellee Crowder. (2) The court erred in over-

ruling the demurrer to the first paragraph of the separate answer of appellee Cluggage. (3) The court erred in overruling the demurrer to the first, additional and third paragraphs of the separate answer of appellee Basler.

The second paragraph of the answer of appellee Crowder is bottomed on the alleged facts that appellant did not notify him that Cluggage had abandoned his contract; that had he been so notified, he was able and willing to carry out said contract, and would have done so. The theory of this paragraph is that Crowder was a guarantor, and not a mere surety, and hence was entitled to notice of the failure of Cluggage to carry out his contract, to the end that he might have saved himself harmless. In the light of the facts pleaded, we are unable to agree with counsel that Crowder was a guarantor. He admits the execution of the bond, and in it he agrees to become liable to appellant in the sum of $5,000, if Cluggage shall fail to carry out his contract with appellant to light its streets. Upon failure of Cluggage to comply with his contract, he and his sureties become liable to appellant for the damages occasioned by such a failure, and no notice was necessary. We think the question as to whether Crowder and Basler were sureties or guarantors on the bond of Cluggage is settled beyond all controversy by the Supreme Court of this State. In *Nading* v. *Mc-Gregor*, 121 Ind. 465, the question is ably discussed by Coffey, J., and many authorities cited. The learned judge says: "It is often a question of very great difficulty to determine whether a particular instrument of writing constitutes a strict guaranty, or whether it constitutes an original undertaking. In a strict guaranty, the guarantor does not undertake to do the thing which his principal is bound to do, but his ob-

ligation is that the principal shall perform such act as he is bound to perform, or in the event he fails, that the guarantor will pay such damages as may result from such failure. It is this feature which enables us to distinguish a strict or collateral guaranty from a direct undertaking or promise. So that when an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is said to be an original undertaking, and not a strict or collateral guaranty. In the latter class of contracts, the undertaking is in the nature of a surety, and the person bound by it must take notice of the default of his principal." See, also, *Furst, etc., Co. v. Black*, 111 Ind. 308; *Wright* v. *Griffith*, 121 Ind. 478; *Ward* v. *Wilson*, 100 Ind. 52; *LaRose* v. *Bank*, 102 Ind. 332; *Reigart* v. *White*, 52 Pa. St. 438; *Woods* v. *Sherman*, 71 Pa. St. 100; *Riddle* v. *Thompson*, 104 Pa. St. 330. In view of these authorities, we need not pursue this inquiry further, for by them it is settled that Crowder and Basler were sureties for Cluggage.

The averment in the third paragraph of Crowder's answer, that Cluggage had told him that appellant was not going to hold him liable on the contract, and had released him therefrom, and that he relied on the said information, does not add any strength or force to it. Crowder could not avoid liability on the bond, because Cluggage informed him that appellant had released him. If this were true, any surety on a bond could be released from liability, and the beneficiary in the bond could be deprived of all rights under it as to the surety, by the principal saying to the surety that the beneficiary had released him from liability. Such a doctrine would be fraught with serious conse-

quences, and so to declare would be a reproach to the law.

Neither is the fifth paragraph of Crowder's answer good. This paragraph omits any averment of his ability to purchase the Cluggage plant, but avers that he had knowledge of the failure of Cluggage to light the streets, and, on notice from appellant, he would have carried out the Cluggage contract so as to have saved himself harmless. This paragraph also avers that another electric light plant had put in a bid to light the streets at $57 per light, but it was informed that a bid for over $50 would not be considered; that said bid was withdrawn temporarily, for the purpose of making some changes; and that within three days appellant had accepted a bid for $63 per light. This paragraph of answer is peculiar, to say the least. Crowder says he knew that Cluggage had failed to carry out his contract, and yet complains because appellant did not notify him of such fact. There is no merit in these averments, and they fall short of making the paragraph good. And the further fact that another bid was submitted for $57 per light, and withdrawn to make some corrections, does not aid the answer. It is not stated what those corrections were, or that appellant had any knowledge what they were. The question as to what price the appellant might or could have made a contract for lighting its streets, might be properly considered on the measure of damages, but the facts here pleaded do not make a good answer.

The demurrer to the first paragraph of answer of appellee Cluggage should have been sustained. The answer charges that the appellant did not attempt to make a contract similar to the Cluggage contract, but made one essentially different, when it could have procured a contract for the unexpired term on the

same terms, etc. If for no other reason, the paragraph is bad because it does not aver that appellant attempted to procure a like contract, and knew that it could do so. The abandonment by Cluggage of his contract created a liability, under the terms of the contract and bond, and a right of action immediately accrued, and appellant was under no legal obligations to enter into another contract before seeking its remedy against Cluggage and his sureties.

What we have said as to the several paragraphs of answer of Crowder and Cluggage is applicable to the first, second, and third paragraphs of appellee Basler's answer so far as the facts are the same, and we need not repeat what we have said. Neither paragraph was sufficient to withstand the demurrer. For the several errors in overruling the demurrers to these several paragraphs of answers, the judgment will have to be reversed.

There are other questions presented by the record, but as they are not likely to arise upon a subsequent trial, we need not consider them. Judgment reversed, with instructions to the court below to sustain the demurrers to the second, third, and fifth paragraphs of the separate answer of appellee Crowder, to sustain the demurrer to the first paragraph of the separate answer of appellee Cluggage, and to sustain the demurrer to the amended first additional and third paragraphs of answer of appellee Basler.