KING ET AL. v. DOWNEY ET AL.

[No. 3,004.   Filed March 7, 1900.]

APPEAL AND ERROR.—*Special Finding.—Exceptions.*—Exceptions to conclusions of law indorsed upon the finding at the time it was made are properly in the record on appeal.  *p. 263.*

SPECIAL FINDING.—*Action on Bond.*—In an action by a material man on a bond executed by a contractor for the construction of a school-house, a copy of the bond was properly made a part of the finding. *p. 263.*

BONDS.—*Township Trustee.—Construction of Schoolhouse.—Action on Bond by Material Man.*—A bond executed by a contractor to a township trustee in the construction of a schoolhouse conditioned that the contractor should pay for all material used in the construction of the building, inures to the benefit of one furnishing material for the construction of the building, and he may maintain an action on the bond. *p. 263.*

SAME.—*Action On.—Demand.*—No demand is necessary before suit by a material man on a bond given a township trustee by a contractor for the construction of a schoolhouse. *p. 264.*

From the White Circuit Court.  *Reversed.*

*E. E. Bailey* and *C. H. Henderson*, for appellants.
*A. W. Reynolds* and *A. K. Sills*, for appellees.

ROBINSON, J.—Appellee Downey contracted with a township trustee to build a schoolhouse, and executed a bond to the trustee, with his co-appellees as sureties, conditioned that if he performed the agreements in the contract, and should complete the work according to the drawings and specifications, and pay for all labor and materials used in connection therewith, as provided in the contract, the bond to be void; otherwise, in force.   Appellants furnished, at Downey's request, materials which were used in the building, and delivered the material, because of the bond, which material was paid for except a named sum, which was due and unpaid.   The building was completed, and accepted by the trustee, who paid Downey in full.   Appellants were not informed of the conditions in the bond until after the ma-

terial was furnished, except as they were informed by the trustee that the bond protected the material . men and laborers. Appellants made no demand upon appellees, except Downey, before bringing suit.

Upon these facts the court stated as conclusions of law that appellants were entitled to recover a named sum from Downey, but were not entitled to recover any amount from the other appellees. The exceptions to the conclusions of law appear to have been indorsed on the finding at the time it was made, and come to this court as a part of the record entry containing the finding. We think it clearly appears that the exceptions are properly in the record. *Winstandley* v. *Breyfogle*, 148 Ind. 618.

In the finding the court set out a copy of the bond, and it is argued that this is a statement of evidence, and should be disregarded. But the bond is the foundation of the action. The construction to be given it could not properly be a part of the finding, but would be in the conclusions of law. In *Brunson* v. *Henry*, 152 Ind. 310, objection was made that a finding set forth a copy of the mortgage sued on, but the court said: "It is true that said mortgage was an evidentiary fact, but it was more than evidence, it was also the inferential fact." In *Rowley* v. *Sanns*, 141 Ind. 179, it was held proper, in an action to partition lands, to insert in a special finding the provisions of a will. See, also, *Louisville, etc., R. Co.* v. *Miller*, 141 Ind. 533; *Faurote* v. *State*, 123 Ind. 6; *Chicago, etc., R. Co.* v. *Yawger*, *post*, 460.

The bond recites that the contractor had agreed to build the house, and to pay for all materials used, and the bond was given for the faithful performance of the contract. The terms of the principal's contract measure the engagement entered into by the sureties. He had contracted to pay for materials used, and his failure so to do was a breach of the bond. *Brown* v. *Markland*, 22 Ind. App. 652. The reason that such provisions in a bond inure to the benefit of material men and laborers is that the law does not

permit them to take a lien upon the building. The right of material men to sue on a bond like that in question has been upheld in this State. *Williams* v. *Markland,* 15 Ind. App. 669, and cases there cited. *American Surety Co.* v. *Lauber,* 22 Ind. App. 326; *Young* v. *Young,* 21 Ind. App. 509.

The finding states that no demand was made upon the sureties before suit. The money due from the contractor was upon a contract, and in such case a demand upon him is unnecessary. *Bertha* v. *Sparks,* 19 Ind. App. 431; *Olvey* v. *Jackson,* 106 Ind. 286. The obligation of the sureties is measured by that of their principal, and no demand was necessary upon either before suit. *Hudson* v. *State,* 54 Ind. 378; *Voris* v. *State,* 47 Ind. 345; *Higgins* v. *State,* 87 Ind. 282; *Ferguson* v. *State,* 90 Ind. 38; *Town of Sullivan* v. *Cluggage,* 21 Ind. App. 667.

Upon the facts found the sureties were liable. Judgment reversed, with instructions to restate the conclusions of law.