## OCHS ET AL. v. M. J. CARNAHAN COMPANY.

[No. 5,587. Filed January 5, 1906. Rehearing denied February 22, 1907. Transfer denied June 24, 1908.]

1. CONTRACTS.—*Building.—Bonds.—Benefit of Third Persons.*—A bond given by a building contractor to the owner and providing that it shall be void if the contractor "shall pay for all material used," covers payment for all of such material so used, and the contractor's failure to pay constitutes a breach of such bond. p. 159.

2. SAME.—*Building.—Materialmen.—Bond for Benefit of.*—A bond given for the benefit of materialmen inures to their benefit whether the building to be constructed is a public one, on which a lien cannot be taken, or a private one, on which a lien may be acquired. p. 159.

3. PLEADING.—*Complaint.—Surplusage.—Building Contracts.—Beneficiaries.*—A complaint by a materialman showing that defendant sureties contracted to pay for all material used in a certain building contracted for, in case the contractor did not, and that the contractor failed so to do, states a cause of action, though it further alleges that the owner assigned the suretyship contract to the plaintiff before the suit was brought, such allegations being treated as surplusage. p. 159.

4. CONTRACTS.—*Benefit of Third Parties.—English Rule.*—Under the English rule, third parties for whose benefit a contract is made cannot enforce the same. p. 161.

5. SAME.—*For Benefit of Third Persons.—Suretyship.*—A contract providing that the sureties on a contractor's bond "shall pay for all material used," if the contractor does not, is primarily for the benefit of the materialman, and not for the security of the owner. p. 161.

6. CONTRACTS.—*For Benefit of Third Persons.—Certainty.*—A contract for the benefit of unascertained third persons becomes certain and effective, whenever such persons can be ascertained. p. 162.

7. SAME.—*Meaning.—Question for Court.*—The meaning of a contract, which is not ambiguous, uncertain, or indefinite, is a question for the court; and the meaning is to be determined from the language used. p. 164.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by the M. J. Carnahan Company against H. Edward Ochs and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*George Shirts, Will H. Talbott* and *Carson, Thompson & Dowden,* for appellants.

*T. J. Brooks* and *W. F. Brooks,* for appellee.

ROBY, C. J.—Action upon a bond executed by appellant Ochs as principal, and by his coäppellants as sureties, in the sum of $2,186, upon conditions as follows:

"The conditions of this obligation are such that whereas said H. E. Ochs has contracted to build and complete a two-story frame building in the town of Mitchell, Indiana, for said George Head, and according to certain written plans and specifications as heretofore agreed to by said H. E. Ochs and said George Head. Now, therefore, if said H. E. Ochs shall build and complete said building in every way according to said written specifications and plan, and shall pay for all material used and for all help employed in the construction of said building, then this obligation to be void; otherwise, to be in full force and effect."

The complaint is in two paragraphs, and each of them contains averments to the effect that said Ochs purchased from appellee lumber and material for use and to be used in said building then being erected; that said material was so used and was of the value of $500, and that there is due and unpaid on account thereof $261.45, with interest; that demand therefor has been made of the defendants and payment refused by them. A copy of the bond and a bill of particulars of material are filed with the pleading.

By the terms of the bond the sureties agreed to pay for all material used, if the contractor failed to do so. The failure to pay appellee was therefore a breach of the bond for which it may recover. *Williams* v. *Markland* (1896), 15 Ind. App. 669; *Young* v. *Young* (1899), 21 Ind. App. 509; *Brown* v. *Markland* (1899), 22 Ind. App. 652; *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326; *King* v. *Downey* (1900), 24 Ind. App. 262.

It is true that in these cases the bond had been given to secure payment for materials used in a public building, upon which a mechanic's lien could not be acquired, and that such fact has a more or less prominent part in the opinions; but while the ability of the materialman and mechanic to compel payment of their claims by filing a lien would be influential in causing them to resort to the bond, it cannot affect the obligation of the bond. If an agreement to pay for material, if the contractor does not, is an undertaking for the benefit of the materialman in the one instance, it is in the other. Its terms are not affected by the possibility or impossibility of otherwise procuring payment. If the materialman procured payment by means of a lien, the appellants would be liable to the owner upon the bond, so that there can be no harshness in avoiding circuity of action, and permitting direct recovery by the party who furnishes the material.

It is insisted that the demurrer to the first paragraph of complaint should have been sustained without regard to the foregoing propositions, for the reason that it is therein averred that the owner of the building assigned the bond to appellee prior to the institution of the action, and that upon the theory thus adopted there could be no recovery, unless the owner could recover, were he suing, which he could not do, never having paid anything. To this appellee answers that the demurrers filed were joint and several as to parties, that the court overruled the "joint and several demurrers to plaintiffs' complaint," and that

the exception does not, therefore, apply to the overruling of a demurrer to the first paragraph of complaint.

Having come to the conclusion that the judgment should be affirmed, an opportunity is thus afforded us of reaching the right result without any apparent consideration of the actual controversy. This convenient method, whenever adopted, makes bad law, and cannot be very satisfactory to the parties, who can hardly be supposed to have taken the appeal for the purpose of procuring a judgment upon so artificial a point.

The addition of the averments relative to the assignment does not take out of the pleading the averments heretofore summarized. The statute provides for a demurrer for want of facts. In a general way every case has a theory, but facts control theories, theories do not change facts. Sufficient facts are exhibited in the first paragraph of complaint to repel a demurrer. It is only necessary to prove enough of the averments to make out a cause of action. *Long* v. *Doxey* (1875), 50 Ind. 385, and it is therefore competent to ignore immaterial averments in determining the sufficiency of a pleading.

Judgment affirmed.

Comstock, J., absent.

## ON PETITION FOR REHEARING.

ROBY, J.—Since the opinion herein was filed the question as to the right of a materialman to recover upon the contractor's bond has been presented to this court in a number of other cases. In one of them oral argument was had, while elaborately and carefully prepared briefs have been submitted by most capable lawyers, and the ruling on this petition, which has been withheld pending such further investigation, will be made after the court has at least had an opportunity to be informed upon the subject.

It is held by the English decisions that where two persons make a contract in which one of them promises to confer

benefits upon a third person, the latter cannot sue
4. upon the contract, either in law or in equity, for the
money or other benefit which it is promised that he
shall receive. This doctrine has been adopted in certain of
the states. 9 Cyc., 374. A larger number of the states have,
however, adopted the so-called American doctrine, which
permits such party to recover such benefit in a suit brought
in his own name. 9 Cyc., 377. This is the doctrine in Indiana. *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539,
52 L. R. A. 305; *Judson* v. *Romaine* (1893), 8 Ind. App.
390; *Williams* v. *Markland* (1896), 15 Ind. App. 669. In
the consideration of this case, it follows that decisions of
courts in states where the English doctrine prevails do not
possess any persuasive or other authority, and they are
therefore eliminated.

A class of argument which has, to some extent, been pursued, and must also be eliminated, is that which proceeds
upon the assumption that the provision of the con-
5. tract quoted is not for the benefit of the materialman
or laborer, or that the sole purpose of the contract
was to protect and indemnify the owner. The very question
to be decided is whether the promise is for the benefit of the
materialman and laborer. The words of the bond are:
"Shall pay for all material used and all help employed in
the construction of said building." This is a certain and
express agreement to pay for all material furnished and for
all help employed. The agreement to pay is primarily for
the benefit of the creditor to whom such payment must of
necessity be made. Had the provision been that the contractor "shall pay the M. J. Carnahan Company for all
material furnished by it and used in the construction of said
building," there could not, under the doctrine before stated,
be any doubt as to the right of said M. J. Carnahan Company to recover in such an action as this.

No one will suggest that the agreement to pay for all

material used and for all help employed was intended for the benefit of the owner. Incidentally such payment might benefit him, in that it would prevent the acquirement of a valid lien, but such result would be an incidental one only. It was never contemplated that such payments should be made to him. Persons who let contracts for the construction of buildings do not furnish all the material and do all the work. It is practically impossible, at the time of contracting for the erection of a building, to name the persons who will subsequently furnish material therefor or do labor thereon. Such parties were therefore described in general and comprehensive terms. The language used is inclusive—shall pay for "all" material and "all" help. The legal effect of the language used is not different from what it would have been had the agreement been to pay whoever shall furnish material or do labor. *Reynolds, etc., Co.* v. *Eacock* (1901), 27 Ind. App. 459; *Jordan* v. *Kavanaugh* (1884), 63 Iowa 152; *Wells* v. *Kavanaugh* (1886), 70 Iowa 519; *Baker & Co.* v. *Bryan* (1884), 64 Iowa 561; *Hipwell* v. *National Surety Co.* (1906), 130 Iowa 656.

The maxim is: "That is certain which can be rendered certain." When the identity of the person furnishing such material is rendered certain, the contract is not different in any respect, in terms or in effect, from what it would be did it contain appellee's proper name. *Rhodes* v. *Matthews* (1879), 67 Ind. 131, 139; *Stevens* v. *Flannagan* (1892), 131 Ind. 122, 127; *Pitney* v. *Glens Falls Ins. Co.* (1875), 65 N. Y. 6, 14; *Clinton* v. *Hope Ins. Co.* (1871), 45 N. Y. 461. Names are used to indicate identities. *Meyer* v. *Indiana Nat. Bank* (1901), 27 Ind. App. 354. The identity of the person furnishing materials for use in the building referred to in the contract under consideration being established, there is no room for a denial of the right of the appellee to maintain its action. This is the conclusion stated in the books.

"As security for faithful performance, contractors are

frequently required to execute a bond with sureties. Such bonds frequently require the contractor to pay all claims for materials used and the wages of all laborers, etc., employed by the contractor upon the work. Under such conditions the right of the persons who furnish materials or perform labor for the contractor to maintain an action on the bond to enforce their claims depends on the general rule prevailing in the jurisdiction in which the suit is brought with regard to the right of incidental beneficiaries of a contract, though not parties or privies thereto, to maintain an action on the contract." 30 Am. and Eng. Ency. Law (2d ed.), 1288. "On default of the builder, in cases where the contract requires him to pay for all labor and material furnished, a right of action directly against the sureties accrues to unpaid laborers, materialmen, and subcontractors." 6 Cyc., 83. And see *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571; *Jordan* v. *Kavanaugh, supra; Wells* v. *Kavanaugh, supra; Baker & Co.* v. *Bryan, supra; Hipwell* v. *National Surety Co., supra.* Building contracts, guaranteed by sureties for the contractor, upon which materialmen or laborers have secured judgments, subsequently affirmed by this court, contain particular clauses as follows: "For the fulfilment of said contract and the payment of all such material and labor debts." *Williams* v. *Markland, supra.* "And promptly pay all the debts incurred in the prosecution of said work, including labor and material furnished." *Young* v. *Young* (1899), 21 Ind. App. 509. "That he would pay for all labor and material used in said building." *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326. "The provision of the contract that there should be no claims against the contractor for work and materials could only mean that he was to discharge such claims by their payment." *Brown* v. *Markland* (1899), 22 Ind. App. 652. "Pay for all labor and materials used in connection therewith." *King* v. *Downey* (1900), 24 Ind. App. 262. This court, in construing the clauses just quoted, in each instance

declared the law to be that the contract was one for the benefit of a third person, upon which he was entitled to recover in his own name. Where the terms of a written contract are not ambiguous, indefinite or uncertain, 7. its meaning is a matter of law for the court. *Brown* v. *Langner* (1900), 25 Ind. App. 538. Neither the contract under consideration nor the ones referred to in the cases cited are ambiguous, indefinite or uncertain. They are substantially in the same terms, and the case at bar is governed by the law as declared in the prior decisions.

But it is insisted that the intention of the parties to the contract was, in those cases, determined by the fact that the buildings, for the construction of which such materials were furnished or labor done, were public buildings, upon which the materialman or laborer could not procure a valid mechanic's lien. This insistence is made in the face of the well-settled law that a written contract which is not ambiguous, indefinite or uncertain, and in regard to which no allegation of fraud or mistake is made, must be taken as it is written, and the intention of the parties determined from the terms thereof. *Beard* v. *Lofton* (1885), 102 Ind. 408, 411; *Lowry* v. *Megee* (1875), 52 Ind. 107; *Harper* v. *Pound* (1857), 10 Ind. 32.

"It was only by an inspection of the bond, that what the parties understood by it could be ascertained." *Lett* v. *Horner* (1840), 5 Blackf. 296. And see *Free* v. *Meikel* (1872), 39 Ind. 318.

The motive leading the township trustee in the cases last cited to require a contractor to guarantee the payment of material and labor claims might very naturally be inspired by the fact that, in the absence of such guarantee, such persons would be unable to enforce payment of their claims, but the distinction between the motive which leads a person to enter into a contract and the intention deducible from the terms of the contract as it is written is a very clear one. A judge, when called upon to state the legal meaning of a

written instrument, might very naturally mention the fact that the result of the application of the law to the terms of the instrument is a beneficent and just one, but courts do not construe written contracts with regard to the quality, possessions or other rights of the person concerned therein.

If the clause of the contract now under consideration and the clauses of those contracts heretofore enforced by this court in the cases cited are for the benefit of materialmen and laborers, they are so because the language used, in its usual and ordinary acceptation, makes them so. The legal effect of the language of the contract is not influenced by the fact that the materialmen and laborers can or cannot acquire valid liens, any more than it is by the wealth of the materialmen, the poverty of the laborer, or the ability of either to procure their pay by other litigation. Such considerations are extrinsic to the question presented for decision. *Caulfield* v. *Polk* (1897), 17 Ind. App. 429, 433.

Had appellee relinquished a lien held by him, the surety might have cause for complaint, but he was not required by contract or otherwise to take affirmative action in order to create a lien. *Whitehouse* v. *American Surety Co., etc.* (1902), 117 Iowa 328.

Petition for rehearing overruled.

Hadley, J., dissents. Myers, C. J., absent.