WESTERN CASUALTY AND SURETY COMPANY *v.* STATE OF INDIANA.

[No. 469A67. Filed March 24, 1970.]

*Norman R. Newman, Dann, Backer, Pecar* and *Newman,* Indianapolis, for appellant.

*Anthony J. Klee* and *David F. McNamar, Steers, Klee, Jay and Sullivan,* Indianapolis, for appellee.

SHARP, J.—This action was commenced by the filing of a complaint by the Plaintiff-Appellee on July 13, 1967, which sought recovery on a private contractor's performance bond written by the Appellant-Defendant, The Western Casualty and Surety Company. The essential allegations of the complaint are that the Indianapolis Power and Light Company as owner contracted with George Bahre Company as general contractor to remodel a building on Monument Circle, in Indianapolis, Indiana, and that said Bahre as principal and Defendant-Appellant as surety executed a certain payment bond, the essential provisions of which read as follows, to-wit:

"NOW, THEREFORE, if said Co-Principals shall properly and promptly complete said Contracts in accordance with the provisions thereof and in accordance with the plans and specifications, and shall well and truly pay all indebtedness incurred for all labor and materials furnished in the performance of the above Contracts, and shall well and truly indemnify and save harmless the said Obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of said Contracts on the part of said Co-Principals to be performed, then this obligation shall be void; otherwise to remain in full force and effect.

PROVIDED, HOWEVER, that this bond is executed on the following conditions and provisions:

FIRST: No suit or action shall be commenced by any claimant for unpaid labor or materials unless claimant shall have given written notice to any two of the following: the

". Co-Principal concerned, the Owner, or the Surety, within sixty (60) days after such claimant did or performed the last of the work or labor or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed; nor after the expiration of one (1) year following the date on which notice of claim, previously described, was given."

Said complaint further alleged that one Charles McGarvey Company, Inc., was a plaster subcontractor employed by Bahre to furnish labor and materials to plaster the improvements in question. The complaint further alleged that the Plaintiff-Appellee did, in fact, sell, furnish and deliver to said Charles McGarvey Company, Inc., as subcontractor, building materials and plastering materials in the reasonable value of $6,707.10, which were used for the improvement of the premises in question. That said Plaintiff-Appellee was not paid for said materials, although the owner paid the general contractor in full. The complaint further alleged the giving of notice by the Plaintiff-Appellee to the subcontractor, contractor and owner and that this action was filed within one year of the date on which said written notice was given.

The Defendant-Appellant filed a demurrer to said complaint for the reason that it did not state facts sufficient to constitute a cause of action and filed therewith a memorandum. Said demurrer was overruled by the trial court.

The Plaintiff-Appellee filed its motion for summary judgment, supported by affidavit, and the Defendant-Appellant filed affidavit opposing said motion for summary judgment after which the Plaintiff-Appellee filed a counter-affidavit with reference to said motion for summary judgment.

On January 22, 1969, the trial court entered summary judgment in favor of the Plaintiff-Appellee for $6,707.10 plus interest in the sum of $916.57, making a total of $7,623.67.

The Appellant's assignment of errors challenges the grant-

ing of Appellee's motion for summary judgment and the overruling of Appellant's demurrer to Appellee's complaint.

In the Oral Argument of this case, Appellant's counsel categorically and without reservation admitted that there was no genuine issue as to any material fact involved in this case and that the record concerned itself purely with the question of law. Thus, it is admitted that the Appellee as a materialman furnished materials to a subcontractor of a general contractor on a private job. It is undisputed that Appellee was not paid for said materials although the owner of the property paid the general contractor in full before the owner had any knowledge of Appellee's materialman's claim. It is also undisputed that the general contractor, George Bahre, d/b/a George Bahre Company, paid subcontractor Charles H. McGarvey Company, Inc., in full. The affidavit of George Bahre filed in opposition to Appellee's motion for summary judgment states only the legal contention that payment by Bahre to Charles McGarvey Company, Inc., constitutes full satisfaction of Appellant's obligation under the bond.

The critical provision of the bond, with our emphasis, is as follows:

> "And shall well and truly pay *all* indebtedness incurred for *all* labor and materials furnished in the performance of the above contract . . ."

The key case decided by this court in regard to the proper construction of this bond is *Ochs* v. *M. J. Carnahan,* 42 Ind. App. 157, 158, 76 N. E. 788, 789 (1908), rehearing denied, 80 N. E. 163. In the *Ochs* case the provisions of the bond were as follows:

> "The conditions of this obligation are such that whereas said H. E. Ochs has contracted to build and complete a two-story frame building in the town of Mitchell, Indiana, for said George Head, and according to certain written plans and specifications as heretofore agreed to by said H. E. Ochs and said George Head. Now, therefore, if said H. E. Ochs shall build and complete said building in every way accord-

ing to said written specifications and plan, and shall pay for *all* material used and for *all* help employed in the construction of said building, then this obligation to be void; otherwise, to be in full force and effect." (our emphasis)

The crucial language of the *Ochs* case was written by Judge Roby on Petition for Rehearing at 42 Ind. App. 160, 80 N. E. 163, and reads as follows:

"It is held by the English decisions that where two persons make a contract in which one of them promises to confer benefits upon a third person, the latter cannot sue upon the contract, either in law or in equity, for the money or other benefit which it is promised that he shall receive. This doctrine has been adopted in certain of the states. 9 Cyc., 374. A larger number of the states have, however, adopted the so-called American doctrine, which permits such party to recover such benefit in a suit brought in his own name. 9 Cyc., 377. This is the doctrine in Indiana. *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 52 L.R.A. 305; *Judson* v. *Romaine* (1893), 8 Ind. App. 390; *Williams* v. *Markland* (1896), 15 Ind. App. 669. In the consideration of this case, it follows that decisions of courts in states where the English doctrine prevails do not possess any persuasive or other authority, and they are therefore eliminated.

A class of argument which has, to some extent, been pursued, and must also be eliminated, is that which proceeds upon the assumption that the provision of the contract quoted is not for the benefit of the materialman or laborer, or that the sole purpose of the contract was to protect and indemnify the owner. The very question to be decided is whether the promise is for the benefit of the materialman and laborer. The words of the bond are: '*Shall pay for all material used and all help employed in the construction of said building.*' This is a certain and express agreement to pay for *all* material furnished and for *all* help employed. The agreement to pay is primarily for the benefit of the creditor to whom such payment must of necessity be made. Had the provision been that the contractor 'shall pay the M. J. Carnahan Company for all material furnished by it and used in the construction of said building,' there could not, under the doctrine before stated be any doubt as to the right of said M. J. Carnahan Company to recover in such an action as this.

*No one will suggest that the agreement to pay for all material used and for all help employed was intended for the benefit of the owner. Incidentally such payment might benefit him, in that it would prevent the acquirement of a valid lien, but such result would be an incidental one only. It was never contemplated that such payments should be made to him. Persons who let contracts for the construction of buildings do not furnish all the material and do all the work. It is practically impossible, at the time of contracting for the erection of a building, to name the persons who will subsequently furnish material therefor or do labor thereon. Such parties were therefore described in general and comprehensive terms. The language used is inclusive—shall pay for 'all' material and 'all' help. The legal effect of the language used is not different from what it would have been had the agreement been to pay whoever shall furnish material or do labor. Reynolds, etc., Co.* v. *Eacock* (1901), 27 Ind. App. 459; *Jordan* v. *Kavanaugh* (1884), 63 Iowa 152; *Wells* v. *Kavanaugh* (1886), 70 Iowa 519; *Baker & Co.* v. *Bryan* (1884), 64 Iowa 561; *Hipwell* v. *National Surety Co.* (1906), 130 Iowa 656.

. . . Building contracts, guaranteed by sureties for the contractor, upon which materialmen or laborers have secured judgments, subsequently affirmed by this court, contain particular clauses as follows: 'For the fulfillment of said contract and the payment of all such material and labor debts.' *Williams* v. *Markland, supra.* 'And promptly pay all the debts incurred in the prosecution of said work, including labor and material furnished.' *Young* v. *Young* (1899), 21 Ind. App. 509. 'That he would pay for all labor and material used in said building.' *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326. 'The provision of the contract that there should be no claims against the contractor for work and materials could only mean that he was to discharge such claims by their payment.' *Brown* v. *Markland* (1899), 22 Ind. App. 652. 'Pay for all labor and materials used in connection therewith.' *King* v. *Downey* (1900), 24 Ind. App. 262. *This court, in construing the clauses just quoted, in each instance declared the law to be that the contract was one for the benefit of a third person, upon which he was entitled to recover in his own name. Where the terms of a written contract are not ambiguous, indefinite or uncertain, its meaning is a matter of law for the court. Brown* v. *Langner* (1900), 25 Ind. App. 538. *Neither the contract under consideration nor the ones referred to in the cases cited are ambiguous, indefinite or uncertain. They*

*are substantially in the same terms, and the case at bar is
governed by the law as declared in the prior decisions.*"
(our emphasis)

These same principles were most recently reaffirmed by this
court speaking through Judge Crumpacker in *State ex rel.
Lawson* v. *Warren Brothers Roads Company et al.,* 115 Ind.
App. 452, 59 N. E. 2d 912 (1944).

The *Ochs* case has been cited with approval on numerous
occasions. See *Knight & Jillson Co.* v. *Castle,* 172 Ind. 97, 87
N. E. 976 (1909) ; *Aetna Indemnity* v. *Indianapolis Mortar,*
178 Ind. 70, 98 N. E. 706 (1912) ; *Gwinn et al.* v. *Wright,* 42
Ind. App. 597, 86 N. E. 453 (1908) ; *Nat'l Surety Co.* v. *Foster
Lumber Co.,* 42 Ind. App. 671, 674, 85 N. E. 489 (1908) ;
*State ex rel.* v. *Lund et al.,* 80 Ind. App. 349, 139 N. E. 466
(1923).

The position of this court in the *Ochs* case is well sustained
by our Supreme Court in *Nash Engineering Co.* v. *Marcy
Realty Corporation, Inc., et al.,* 222 Ind. 396, 414, 54 N. E. 2d
263, 270 (1943), in which it stated:

"It is settled in Indiana that contracts for the erection of
private buildings containing provisions that the contractor
shall pay for all materials afford to unnamed materialmen
a remedy as third party beneficiaries against the contractor.
*Knight-Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 87 N. E.
976; *Ochs* v. *M. J. Carnahan Co.* (1906), 42 Ind. App. 157,
76 N. E. 788, transfer of which was denied shortly before
the decision in the *Knight-Jillson* case."

Based upon the foregoing authorities the Appellee was en-
titled to a judgment as a matter of law and the trial court was
correct in overruling Appellant's demurrer and granting Ap-
pellee's motion for summary judgment.

Appellant makes the further argument that the entry of
summary judgment in this case is inadequate under the rule
in *Singh* v. *Interstate Finance of Indiana,* 144 Ind. App. 444,
246 N. E. 2d 776 (1969). We deem it a waste of judicial time
and a needless formality to remand this case back to the trial

court for any further findings. This is particularly true in view of the Appellant's admissions in this court that there is, in fact, no genuine issue as to a material fact. See the statement by Judge Sullivan, Footnote 1, in *Ware* v. *Waterman*, 146 Ind. App. 237, 253 N. E. 2d 708 (1969).

For all of the foregoing reasons the judgment of the trial court should be and hereby is affirmed. Costs v. Appellant.

Hoffman, P.J., Pfaff and White, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 398.