YOUNG ET AL. *v.* YOUNG ET AL.

[No. 2,651. Filed January 31, 1899.]

BONDS.—*Construction of Schoolhouse.—Action on Bond.—Parties.*—A bond executed by a contractor to secure the performance of a contract entered into for the construction of a schoolhouse and pay all debts incurred in the prosecution of the work inures to the benefit of one furnishing labor and material in the construction of such building, and such person may maintain an action on the bond for the recovery of money due him for such labor and material without making the school corporation a party. *pp. 514, 515.*

SAME.—*Construction of Schoolhouse.—Change of Plans.—Liability of Sureties.*—The sureties on a bond given to secure the performance of a contract entered into for the construction of a school building are not released from liability thereon to material men who furnished material used in the construction of such building by reason of the fact that the plans and specifications were departed from and a more expensive building constructed without the knowledge or consent of the sureties, where the contract, made a part of the bond, provided that changes could be made in the plans and specifications. *pp. 515, 516.*

From the Tipton Circuit Court. *Affirmed.*

*Oglebay & Oglebay* and *Gifford & Coleman*, for ap-appellants.

*Dan Waugh, John P. Kemp* and *James N. Waugh*, for appellees.

HENLEY, J.—This action was begun by appellee William R. Young against appellants Emanuel R. Coxen and Samuel J. Porter, as principals, and William B. Young, William J. Minor, Leonard Compton, Joseph A. Innis and Seneca G. Young, as sureties on a bond given to the trustees of the school city of Tipton, .to secure the faithful performance of a contract entered into by the principals on said bond and such trustees, wherein said Coxen and Porter agreed to build a schoolhouse in the city of Tipton. The bond sued upon, and which is made a part of the complaint, is as follows: "Know all men by these presents, that E. R. Coxen and S. J. Porter, contractors, as principals, and—as sureties are jointly and severally held and firmly bound unto E. H. Shirk, A. F. Grove, and A. F. Moore as school trustees of the city of Tipton, Indiana, or their successors, in the penal sum of Ten Thousand ($10,000) dollars, for the payment of which, well and truly to be made and done, we jointly and severally bind ourselves, our heirs, executors, administrators, and assigns. Signed and sealed and dated this 28th day of May, 1894. The condition of the above obligation is such that the said E. R. Coxen and S. J. Porter, contractors, of Elwood and Tipton, Indiana, have filed their proposal, which is made a part hereof, for furnishing such materials as is specified, and performing all labor necessary to erect, finish, and complete a two-story brick school building, with stone foundation, on school lot at. the southwest corner of Oak and Armstrong streets, in the city of Tipton, Tipton county, Indiana, according to the plans, speci-

fications, and detail drawings prepared by James Beuff, architect, of Kokomo, Indiana, and adopted by said school board, and which plans, specifications, and detail drawings are considered to be, and are hereby made a part hereof. Now, if the said E. R. Coxen and S. J. Porter will enter into a written contract with the said Tipton school trustees, for the proper execution and completion of said building, and do faithfully perform and execute the work so bid for to the satisfaction and acceptance of the superintendent in charge of said work, and to the satisfaction and acceptance of said school trustees, and in accordance with and agreeable to the plans, specifications, and detail drawings aforesaid, and in accordance with said contract to be made as aforesaid, and that the said contract, if awarded, shall be made a part hereof, and promptly pay all the debts incurred in the prosecution of said work, including labor and materials furnished, and that they will indemnify and save harmless the said school trustees from any and all liabilities to any person, persons, or corporation on account of any damage to the property of any person, persons, or corporation arising from any cause whatever in any way connected with the construction of the work so bid for, then this bond be void; else in full force and effect. E. R. Coxen, S. J. Porter, W. B. Young, Wm. J. Minor, L. Compton, J. A. Innis, S. G. Young." The complaint avers that appellee William R. Young furnished labor and material in the construction of said building; that the material so furnished consisted of the paint to be used to paint said building, and the labor furnished was in putting the paint upon the building. The execution of the bond, as set out herein, is alleged, and the further fact that there is due and unpaid to said appellee, for such labor and material, the sum of $125, for

which he demands judgment. The defendants who were sureties on said bond in suit filed a demurrer to the complaint, alleging as cause want of sufficient facts and a defect of parties defendant. This demurrer was overruled. The appellee Compton, who was one of the defendants in the lower court, filed a cross-complaint against appellee Young and the principals and his co-sureties on the bond in suit. The cross-complaint of Compton is substantially the same as the complaint of appellee Young, and is founded on a claim for labor and material furnished by said Compton in the construction of said school building under the contract of Coxen and Porter. Appellants demurred to the cross-complaint of Compton for the same reasons as are stated in the demurrer filed to the complaint. This demurrer was overruled. Afterwards appellants William B. Young, Seneca G. Young, Joseph A. Innis, and William J. Minor filed a cross-complaint against Emanuel R. Coxen, Samuel J. Porter, William R. Young, "Lenn" Compton, and the school city of Tipton, which admits the execution of the bond in suit, the building of the schoolhouse by the contractors Coxen and Porter, and that there are debts, due and owing from said contractors to the appellees Young and Compton, but it avers that the cross-complainants are the sureties on the bond in suit, and that the school city of Tipton owes to said contractors a sum of money sufficient to pay all the debts due on account of said building, and that said Coxen and Porter are insolvent. The relief asked in said cross-complaint is that the said school city of Tipton be required to account for the money due from it to the said Coxen and Porter, and pay the same into court, to be applied upon this indebtedness of Coxen and Porter under said contract due to William R. Young and Leonard Compton. A demurrer for want

of facts directed to said cross-complaint by the appellees was sustained. Afterwards the appellants William B. Young, Seneca G. Young, Joseph A. Innis, and William J. Minor filed a second paragraph of answer, directed to the appellees' complaint and to the cross-complaint of Compton, admitting the execution of the bond, but alleging that, at the time the bond was given, there were certain plans and specifications adopted, and that said bond was executed and was intended to cover the construction of a house as described in the plans and specifications at the time the bond was signed, but that, after the execution of the bond and the making of the contract, the said school city of Tipton caused the plans and specifications of. said building to be changed, thereby increasing its cost more than $1,000, which changes were made without the knowledge or consent of the bondsmen. Appellees' demurrer, for want of facts, directed to this answer, was also sustained.

The alleged errors of the lower court presented by appellants are—First, the ruling of the lower court in overruling the demurrer to the complaint; second, the overruling of the demurrer to the cross-complaint of Leonard Compton; third, sustaining the separate demurrers of appellees Compton and Young. to the cross-complaint of appellants; fourth, sustaining the separate demurrers of appellees Compton and Young to the second paragraph of appellants' answer.

The first and second errors discussed involve the same question. It is contended by appellants' counsel that whatever right or remedy appellees have against such sureties on the bond in suit is the result of equities against such sureties, and not the result of any contractual relations which exist between them by virtue of said contract. Counsel argue from this

standpoint that the school city of Tipton was a necessary party defendant to the complaint of appellee Young and to the cross-complaint of Compton. In this position we think counsel are in error. It is well settled law in this State that the person for whose benefit a contract is made with another may maintain an action on such contract. *Judson* v. *Romaine*, 8 Ind. App. 390; *Waterman* v. *Morgan*, 114 Ind. 237; *Carnahan* v. *Tousey*, 93 Ind. 561; *Williams* v. *Markland*, 15 Ind. App. 669. Such a bond as the one in suit is valid, and can be enforced by any person to whom the principal is indebted for work or material under the contract secured by the bond. Its provisions are intended to inure to the benefit of those who furnish the labor and material to the contractor, this being their only protection, they not being permitted to secure a lien upon buildings of this class. It is a contract made by the trustees of the school city of Tipton for the benefit of the laborers and material-men; and the letting of the building contract, and the fact that the contractors agreed to pay for all labor and material, was a sufficient consideration upon which to rest the undertaking. *Williams* v. *Markland, supra.*

The school city of Tipton could not have been made liable upon the complaint of appellee Young, or upon the cross-complaint of Compton, and was not a necessary party defendant in either instance.

As to the third error assigned, the cross-complaint of appellants did not state a cause of action against either of the appellees. In fact, no relief was demanded as against them. The judgment asked in the cross-complaint under consideration is against the school city of Tipton alone. The record does not show that the school city of Tipton either demurred to or answered said cross-complaint, and no judgment was rendered upon said cross-complaint, either for or

against said school city; hence there was no judgment or ruling in the lower court testing the sufficiency of this cross-complaint as to the school city of Tipton.

It is next contended by counsel for appellants that the court erred in sustaining appellees' demurrer to the second paragraph of the answer of appellants William B. Young, Seneca G. Young, Joseph A. Innis, and William J. Minor, which was directed to the complaint of appellee Young and the cross-complaint of Compton. As we have heretofore stated, this answer alleged that the plans and specifications were departed from, and a larger and more costly building was erected, and that the changes were made without the knowledge or consent of appellants, who are the sureties on the bond in suit. The cases cited by counsel, in which it is held that sureties are entitled to stand on the strictness of their obligation, and that the contract of suretyship cannot be held to extend beyond the strict scope of its terms, and cannot be extended by implication, clearly pronounce the well settled rule of law on that subject in this State. *Irwin* v. *Kilburn*, 104 Ind. 113; *Hart* v. *State, ex rel.*, 120 Ind. 83; *Dunlap* v. *Eden*, 15 Ind. App. 575; *City of Lafayette* v. *James*, 92 Ind. 240; *Town of Salem* v. *McClintock*, 16 Ind. App. 656. But in this case the contract of Porter and Coxen with the trustees of the school city of Tipton, under which the building was erected, and to secure the faithful performance of which the bond in suit was given, was referred to in the bond, and was made a part of it as fully as if it had been written therein. In this contract it was provided: "Should any alterations be required in the work shown or described by the drawings or specifications, a fair and reasonable valuation of the work added or omitted shall be made by the architect, and the sum herein agreed to be paid for the work, according to the original specifications,

shall be increased or diminished, as the case may be. In case such valuation is not agreed to, the contractors shall proceed with the alteration, upon the written order of the architect, and the valuation of the work added or omitted shall be referred to three arbitrators, no one of whom shall have been personally connected with the work to which these presents refer, to be appointed as follows: One by each of the parties to this contract, and the third by the two thus chosen; the decision of any two of whom shall be final and binding; and each of the parties hereto shall pay one-half of the expense of such reference." The averments of the answer do not show that the parties to the building contract exceeded their authority in the changes made by them. The construction contract being a part of the bond, and it being provided therein that changes could be made in the plans and specifications of the building in the manner therein stated, the sureties thereby consented in advance to any departures from the original plans which were within a strict construction of the contract. *Smith* v. *Molleson*, 148 N. Y. 241, 42 N. E. 669. It was simply a matter of contract, and the answer does not show an abuse of its terms. The judgment is affirmed.