THE AMERICAN SURETY COMPANY ET AL. *v.* LAUBER ET AL.

[No. 2,830.   Filed May 10, 1899.]

BONDS.—*Construction of Schoolhouse.—Action on Bond.—Parties.— Principal and Surety.*—A bond executed by a contractor to secure the performance of a contract entered into to build a schoolhouse and pay all debts incurred, inures to the benefit of one furnishing labor and material in the construction of such building; and such person may maintain an action on the bond for the recovery of

American Surety Co. *v.* Lauber.

money due him for such labor and material without making the school corporation a party. *pp. 329, 330.*

BONDS.—*Construction of Schoolhouse.—Change of Contract.—Release of Surety.*—A surety on a bond given to secure the performance of a building contract will not be relieved from liability by a change made in the contract without the consent of the surety, where the contract provided for certain changes, and such change was made conformably therewith. *pp. 330, 331.*

ATTORNEY'S FEES.—*Conditional Provision.—Contracts.*—The provision of section 7532 Burns 1894, that agreements to pay attorney's fees depending upon any condition set forth in a bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness are illegal and void, is not applicable to a clause in a contract providing that the contractor shall be liable for attorney's fees for any failure in the performance of the contract. *p. 331.*

From the St. Joseph Circuit Court. *Affirmed.*

*Abraham L. Brick, Albert W. Wishard, Samuel Parker,* and *Frank H. Dunnahoo,* for appellants.

*Stuart McKibbin, Jacob D. Henderson* and *Francis M. Jackson,* for appellees.

COMSTOCK, J.—This was a suit by appellees against appellants, upon a bond given by them to the board of education of the city of South Bend, Indiana. The complaint filed by appellees (plaintiffs below) avers that appellant Hutton, on the 19th day of September, A. D. 1896, entered into a contract with the board of education of South Bend, to build for said board of education, a certain schoolhouse, according to certain plans provided by the board of education, for which Hutton was to receive a certain price stipulated in said contract. That on the same day defendant Hutton, as principal, and the American Surety Company, as surety, executed and delivered to the board of education, a certain bond, conditioned: *First*, for the faithful performance by said Hutton of all the terms and conditions of his said contract; and *second*, that he would pay for all labor and material used in said building. That on the 12th day of November, in the same year, appellees entered into a con-

tract with appellant Hutton, to do certain work on said building, and furnish certain materials therefor.   That appellees had fully performed their said contract, had furnished all,the labor and material for said schoolhouse which they had contracted to furnish; that appellant Hutton had not paid them therefor, and, that there was due and owing appellees from said Hutton, and for the labor and material by them so furnished, the sum of $1,148.   There was also an averment in said complaint, that the contract entered into by Hutton with the school board, provided for the payment by said Hutton of all attorney's fees incurred for any failure whatever in performance of all contracts, including the bond, and a prayer for plaintiff's reasonable attorney's fees in said action. Both contract and bond are made exhibits to the complaint.

Appellees seek to recover upon the bond for the balance due them for such materials furnished and labor performed. The American Surety Company demurred to the complaint, (1) for want of sufficient facts to constitute a cause of action; (2) for defect of parties defendant, the board of education of South Bend not having been made a party defendant to the complaint.   The court overruled the demurrer, to which, at the time said company excepted.   Appellant Hutton appeared and filed answer in general denial. The American Surety Company also filed answer in two paragraphs, the first paragraph in general denial, the second, admitting that it was the surety on the bond of appellant Hutton, but alleging that the contract between Hutton and the school board was·changed without its knowledge and consent, and that it was by reason of such changes released. Appellees demurred to this second paragraph of the Surety Company's answer.   The court sustained the demurrer, and the Surety Company excepted.

The Surety Company also filed a third paragraph of answer, to which appellees addressed a motion and a demurrer, both of which were overruled.   Then a reply in two paragraphs was filed and the cause put at issue.   Upon the issues thus joined, the cause was submitted to the court for trial.

The trial resulted in a finding and judgment in favor of appellees against both appellants for $1,305.08. The surety company moved the court, in writing, to modify the judgment by deducting from the amount thereof $135, which sum was included therein as the value of appellees' attorney fees. This motion the court overruled, and an exception was duly taken. Appellant's motion for a new trial was overruled.

Appellant assigns the following errors: (1) The complaint of the appellees does not state facts sufficient to constitute a cause of action against the appellant, the American Surety Company. (2) The court erred in overruling the appellant's motion for a new trial. (3) In overruling the demurrer of the American Surety Company to plaintiff's complaint, made upon the ground that the complaint did not state facts sufficient to constitute a cause of action against the American Surety Company. And, further, in overruling the said demurrer upon the second cause assigned therein—that there was a nonjoinder of parties therein, in that the board of education of South Bend, Indiana, was not made a party. (4) In sustaining appellees' demurrer to the second paragraph of answer of the American Surety Company. (5) In overruling appellant, the American Surety Company's demurrer to the second paragraph of appellees' reply in said cause. (6) In overruling the appellant, American Surety Company's motion to modify the judgment in said cause. The motion for a new trial is not discussed and the ruling of the court thereon is therefore waived. Appellant J. T. Hutton has filed no brief.

Appellant contends that the clause in the bond, upon which appellees base the liability of the surety company is *ultra vires,* and therefore void as between appellees and appellant, because it was taken by a corporation, the school board of the city of South Bend, a corporation whose powers and duties are provided and limited by statute. Section 5914 Burns 1894. That such corporations are given ex-

press power to build schoolhouses, and that authority to exe-
cute contracts for their construction is implied; that inciden-
tally they have authority to take security for the faithful
performance of such contracts for their own protection, but
that beyond that they cannot go and take security for the
benefit of third persons. The question has been decided
against appellant by this court in two opinions delivered
since this appeal. *Young* v. *Young*, 21 Ind. App. 509; *Brown*
v. *Markland*, *post*, 652. Both opinions following *Williams*
v. *Markland*, 15 Ind. App. 669. See authority cited in the
foregoing opinion.

Was the school board a necessary party? *Young* v. *Young*,
*supra*, decides this question in the negative. Adhering to
the opinion therein expressed, a further consideration of the
question is unnecessary.

The next proposition discussed is that presented by the
fourth specification of error, viz.: That the court erred in
sustaining appellees' demurrer to the second paragraph of the
surety company's answer. This paragraph alleges, in sub-
stance, that said surety company was on the bond for the
contractor Hutton; that the contract to secure the perform-
ance of which the bond was given, was changed in certain
material particulars (which are specified in detail), by Hut-
ton, the principal, and the school board; and that such
changes were made without the consent or knowledge of the
company. The proposition that a material alteration in the
terms of a contract without the consent of the surety will re-
lieve such surety will be conceded without the citation of
authority. It must also be conceded that this rule applies to
building contracts. The third article of the contract be-
tween Hutton and the board provides that "No alteration
shall be made in the work shown or described in the drawings
and specifications, except upon a written order of the archi-
tects." Provision is also made for estimating the value of
the work added or omitted, and for reference to arbitration
in case the architect and contractor cannot agree as to the

value of the changes. The contract thus contemplates that changes may be made as the work progresses, and provides therefor. The sureties in the execution of the bond consented in advance to changes that might be made properly within the scope of the contract. The answer does not aver that the changes were not made in the manner provided by the building contract. If Hutton, for purposes of his own, made the changes, his sureties would not be thereby relieved. It is averred, as to one item of change, that the change so stated was carried out and performed by the said Hutton under the instruction of the architect of said building. It will be presumed in the absence of an averment to the contrary, that the changes were made conformably to the provisions of the contract. The sureties consented in advance to changes that might be made conformably to the terms of the contract. *Young* v. *Young, supra.*

The sixth and last specification discussed by appellant questions the action of the court in overruling its motion to modify the judgment by leaving out the amount allowed as attorney's fee, of $135, included therein. Appellant bases this claim of error upon the ground that the provision is conditional, and that a conditional provision to pay attorney's fees is void; citing section 7532 Burns 1894. This section is applicable only to bills of exchange, drafts, promissory notes, or other written evidence of indebtedness. The contract in suit is not within the class of obligations enumerated, and the section does not apply. The contract stipulates that "The contractor shall be liable for attorney's fees, expenses and charges for any failure whatever in the performance of all contracts, including the bond." (The contractor was a party to the bond.) The condition of the bond reads: "Now if the said J. T. Hutton shall faithfully execute said contract, and faithfully do and perform all the parts thereof on his part to be performed." The contract and bond must be construed together. So considered, appellees were entitled to

attorney's fees, and the motion to modify the judgment was properly overruled. No error.

Judgment affirmed.