## WOODRUFF *v.* SCHULTZ.

1. BUILDING CONTRACTS—BONDS—RELEASE OF SURETIES.

  Material alterations in a building agreed upon by the owner and contractor will discharge the surety on a bond given to secure performance of the contract, though the owner and contractor agree that the alterations shall be made without increasing the cost of the building, where it does not appear but that the alterations increase the cost to the contractor, though not to the owner.

2. SAME—DAMAGES RECOVERABLE—UNPAID PORTION OF CONTRACT PRICE.

  The owner of a building erected under contract cannot recover of the surety on the contractor's bond any part of the contract price which has not been paid to the contractor, notwithstanding laborers and materialmen have claims against the contractor for a similar amount, it not appearing that the owner is under any obligation to pay them.

Error to Wayne; Brooke, J. Submitted October 15, 1908. (Docket No. 76.) Decided November 30, 1908.

Debt by Elizabeth Woodruff against George W. French and Dunning Butler, copartners as French & Butler, principals, and Albert W. Schultz, surety, on a bond for the performance of a building contract. There was judgment for plaintiff, and defendant Schultz brings error. Reversed.

*Barnes & Stowers*, for appellant.

*Henry G. Nicol*, for appellee.

HOOKER, J. Defendants French and Butler were principals, and defendant Schultz their surety, on a bond given to the plaintiff to secure the faithful performance of a building contract, whereby French and Butler agreed to erect a building for the plaintiff according to certain plans and specifications. This action was brought upon

the bond, and the trial resulted in a verdict and judgment for the plaintiff, and the defendant Schultz has appealed.

The testimony shows that during the time that French and Butler were at work on the house several agreements were made between them and the plaintiff for changes in the house. One was that it should be made larger by an extension of one of its dimensions 5 feet 8 inches. Electric wiring, said to have cost $60, was added, and two partitions not provided for by the contract were put in, under agreement that they should be substituted for other requirements, which were to be waived. According to the plaintiff's contention, these changes, with the exception of the one first mentioned, were not to increase the cost of the building, being fully paid for by the items agreed to be omitted. The extension of the building was said to be balanced by some omissions and an additional sum of $50 to be paid by plaintiff, and plaintiff contends that these were not material changes, and, if they should be held to be such, it would only have the effect of reducing the amount of the surety's liability, and apparently the learned circuit judge was of that opinion, for he so charged the jury, in substance. There was proof in the case tending to show that these changes increased the expense to the contractors, and a well-defined and sharply contested issue of fact arose in that particular.

Who can say that the change did not affect the surety injuriously? Some of the testimony would indicate that it did, because, while it did not increase the cost of the building to the plaintiff, it may have done so to French and Butler, and perhaps prevented their completion of the job for fear of an impending loss, which has often been recognized as a sufficient cause for the release of sureties. It is a settled rule that an obligee in a bond will release the surety by any act that tends to increase his liabilities, unless done with the assent of such surety. Illustrative of this is the familiar instance of an extension of time for payment made upon a sufficient consideration. *American Iron & Steel Manfg. Co.* v. *Beall*, 4 Am. &

Eng. Ann. Cas. 884, and note (101 Md. 423); *People, for use of C. H. Little Co.*, v. *Grant*, 138 Mich. 60, and cases cited; *Smith* v. *Shelden*, 35 Mich. 42, 24 Am. Rep. 529, and note.   Or an alteration in the terms of a lease. *Stern* v. *Sawyer*, 6 Am. & Eng. Ann. Cas. 356, and note (78 Vt. 5).

In the present case by subsequent agreements for changes the contract for the full and complete performance of which Schultz became surety, has been altered, and French and Butler had no right thereafter to perform it, except as modified.   It was not the case of an agreement for mere additions, which might be treated as a new, separate, and distinct contract, leaving the original contract undisturbed, but one where some of the provisions of that contract were sought to be abrogated, and something else, that the surety never consented to, substituted.   To permit this, and to hold the surety liable, upon the ground that there was to be no increased expense, is to make a new contract for him.   For a discussion of such a case, see *Backus* v. *Archer*, 109 Mich. 666.

In *Grasser & Brand. Brewing Co.* v. *Rogers*, 112 Mich. 112, one became surety upon a contract to purchase beer at $5 a barrel in car lots.   The surety was held to be discharged by a purchase in smaller lots; Mr. Justice MOORE saying, with the approval of his associates:

". " He had a right to choose the terms of the agreement into which he entered.   His agreement was in relation to sales which were made in and to be paid for in car-load lots, and in no other quantities.   A surety can insist that he will not be bound except upon his own terms, and his obligation cannot fairly be extended beyond the scope of his written agreement, as, under the statute of frauds, his agreement must be in writing."

See, also, *Board of Com'rs of Morgan Co.* v. *Branham*, 57 Fed. 179.   We deem it unnecessary to discuss authorities from New York, cited in behalf of the plaintiff, further than to say that they admit the above rule, but turn upon questions of construction of the contracts;

and the same may be said of Nebraska cases referred to. We think this case plainly distinguishable from some that have arisen upon statutory bonds given to protect laborers and materialmen, where sureties have been held not to have been released by departures from the contracts; the laborers and materialmen not being responsible therefor.

The foregoing is the principal question in the case. Error was assigned upon some statements of fact, which counsel assert to have been questions for the jury; but we need not discuss it, as all know that disputed questions of fact are for the jury, and it would be of little interest or importance to ascertain the state of the evidence in this case, as we must reverse it on other grounds.

Again, defendant's counsel say that the surety was not liable for any sum that plaintiff was not obliged to pay upon the building contract. They claim that there was a sum of $614 of the contract price still in her hands. It appears that an equal sum was due and owing to material-men and subcontractors on the job, and as we understand it the proposition is, that, no liens having been filed, and there being no legal liability on plaintiff's part to pay these men, she cannot recover the sum from the surety; and, if this is all there is to the proposition, we think the claim of defendant's counsel is correct. In other words, she cannot recover from this surety for a sum that she has yet in her hands, and which she is under no legal obligation to pay, if such is the situation. Counsel appear to be in disagreement about the facts, and we are unable to say from the record referred to that these are not legal outstanding obligations against her, growing out of transactions following French and Butler's abandonment of the job, if they did so.

We are constrained to reverse the judgment and direct a new trial.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.