### THE FORT ARMSTRONG.

### CHARLES NELSON CO. v. USINA et al.

District Court, S. D. Georgia, Savannah Division.

May 21, 1931.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, and Lawton & Cunningham, of Savannah, Ga., for Charles Nelson Co.

Connerat & Hunter, of Savannah, Ga., for Royal Indemnity Co.

BARRETT, District Judge.

In the brief of proctors for the Charles Nelson Company is a concise statement of the facts and the exceptions in the above-stated cause, as follows: "United States brought a libel in rem against the Steamship 'Fort Armstrong', to recover damages to the derrick boat, a part of the dredging equipment which belonged to the United States, with which the 'Fort Armstrong' came into a collision as she was being navigated up the Savannah River. H. C. Usina, a regularly licensed pilot, was in charge of the navigation of the ship. The Charles Nelson Company is the owner and claimant of the Steamship 'Fort Armstrong', and it has brought a petition, under the 56th Admiralty Rule, to bring into the case as parties, H. C. Usina, the pilot, and Royal Indemnity Company, which was the surety on a bond given by the pilot. The Charles Nelson Company contends in its petition to bring in parties, that the accident was inevitable, but that if any one was at fault it was the pilot, who was at the time navigating the ship, and that in the event the ship is held responsible, the pilot and his surety should be held liable over to The Charles Nelson Company, and that Royal Indemnity Company, as surety, shall be held liable up to the sum of $2500, which is the amount of the penalty of the surety bond."

The exceptions:

"First: That The Charles Nelson Company is not the obligee in the bond, and has no right to maintain an action on the same, because there is no privity of contract between it and the Surety, and it appears from the terms of the bond that it is solely for the benefit of the obligee named therein, the Commissioners of Pilotage.

"Second: The bond by its terms varies substantially from the requirements of the Statute, and is, therefore, not a statutory bond, upon which the petitioner in its own name can maintain an action against the Surety on the bond.

"Third: The bond is not a maritime contract, and, therefore, the petition to bring in the surety is not within the admiralty jurisdiction.

"Fourth: The pleadings fail to show the breach of official duty by the pilot, and, therefore, the surety is not liable on the bond for damages occasioned by the negligence of the principal."

First and Second.

◼ The pilot laws as to the matter here involved are contained in section 1908 of the Civil Code of Georgia of 1910, as follows: "Before receiving his license, the pilot must make and deliver to the commissioners a bond, payable to the chairman of the board, and his successor in office, in the penal sum of two thousand dollars, with security to be approved by the commissioners, and with the condition faithfully to perform his duties as pilot, which bond shall be renewable at the discretion of the commissioners, with such security or additional security as they may require"—as amended by the Act of August 15, 1921 (Acts 1921, p. 105) as follows: "Suits thereon may be brought by any person endangered by the misconduct, carelessness or neglect of the pilot in any court having jurisdiction thereof, without any order for that purpose."

The bond given by H. C. Usina, the pilot, with the Royal Indemnity Company as surety, was in compliance with the aforesaid law, with these differences: (a) The amount is $2,500 and (b) the obligee instead of being "the chairman of the board" is "the Commissioners of Pilotage."

If the bond is a statutory bond, the act of 1921 affirmatively provides that suit can be brought by any one damaged by the pilot.

The same reasoning that led this court to follow the dissenting opinion of Justice Hines in the case of American Surety Co. v. Small Quarries Co., 157 Ga. 33, 120 S. E. 617, and holding that the bond therein considered was a statutory bond [the decision of this court being in the case of Ware County v. National Surety Co., reported in 17 F. (2d) 444] leads to the conclusion that the bond in this case is a statutory bond, certainly to the extent of $2,000.

The great weight of authority is that, even if such bond be merely a voluntary bond, the injured persons can sue on it. 13 C. J. p. 705, § 815; People's Lumber Co. v. Gillard, 136 Cal. 55, 68 P. 576; Young v. Young, 21 Ind. App. 509, 52 N. E. 776.

Third.

◼ The pilot, Usina, does not contend that the claim against him is not a claim in admiralty, resulting in the jurisdiction of this court, and the Royal Indemnity Company does not deny that this court has jurisdiction of the claim against the pilot.

Throughout the development of the admiralty law in this country there have arisen many difficulties in determining the jurisdiction. This arose because of the grant of jurisdiction by the Constitution and the act of 1789 being in terms most general, and further because the admiralty law of England, by reason of the jealousy of the common-law courts, was vitally different from the general admiralty law of the maritime nations of the world, and the courts of this country have uniformly recognized that, while our common law was derived from England, we were not bound to follow the admiralty law of England.

The Charles Nelson Company contends that the contract of surety was an essential part of the maritime service rendered by the pilot, the sine qua non of the license to the pilot. While it is true that the ultimate liability of the surety would be measured by money, it was in terms bound by all the obligations of its principal, and the obligation of the principal was to properly perform maritime duties in accordance with his profession. Reliance is had for authority upon the case of Haller v. Fox (D. C. Wash.) 51 F. 298, and more especially upon the case of New England M. Insurance Co. v. Dunham, 11 Wall. 1, 30, 20 L. Ed. 90.

The Royal Indemnity Company contends that the obligation of it as surety is purely a common-law obligation—that is, upon certain conditions it shall pay an amount of money—and relies upon the following authorities: Pacific Surety Co. v. Leatham (C. C. A.) 151 F. 440; Eadie v. North Pacific S. S. Co. (D. C.) 217 F. 662.

If the principles established by the Supreme Court in the case of New England M. Insurance Co. v. Dunham be applicable, they are controlling. I can see no escape from either the soundness of the principles therein stated nor from their applicability to this case. The insurance contract as compared in the opinion in that case to a contract of affreightment is thus stated: "The contract of the one guarantees against loss from the dangers of the sea, the contract of the other against loss from all other dangers." The contract of insurance was merely to pay money in the event of the loss from the casualties insured against. In this case the contract is to pay money, conditioned that, if the maritime services to be performed by the pilot were negligently performed, liability would exist. In each case the existence of the liability depended upon some occurrence on the sea. In the case at bar it was dereliction of duty on the part of the pilot while engaged in his services.

Aside from the soundness of the foregoing principle, it would be most regrettable if it should be found necessary to establish liability on the part of the principal in one court and then be obliged to seek redress against the surety in an entirely different jurisdiction.

It has been suggested that possibly the pilot may have duties other than those that are maritime and that for some purposes at least there would be no jurisdiction over him and the surety in the court of admiralty. Whether or not such possibility exists I cannot say, but, if it does exist and divisibility is practicable, as is the case here, admiralty has jurisdiction in the case arising under the maritime part of the pilot's duties. Eastern Mass. St. Ry. Co. v. Transmarine Corp. (C. C. A.) 42 F.(2d) 58; Gowanus Storage Co. v. U. S. Shipping Board Emergency Fleet Corp. (D. C.) 271 F. 528; The Thomas P. Beal (D. C.) 295 F. 877.

### Fourth.

It is held that the pleadings do show breach of official duty by the pilot.

All the exceptions are therefore overruled.